UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRIS J. BERNARDINI, JR.<br>    *Defendant*. | No. 3:23-cr-181 (JAM) |

ORDER FOR SUMMARY REMAND

Chris J. Bernardini, Jr., a defendant in a criminal case in the Connecticut Superior Court, has filed a notice of removal seeking to remove his criminal case to this Court. Because removal is both untimely and without adequate grounds, I will summarily remand the case to state court pursuant to 28 U.S.C. § 1455(b)(4).

BACKGROUND

Bernardini alleges that he was arraigned on March 23, 2023 in the Connecticut Superior Court for the Judicial District of New Haven on a charge of breach of peace.[1] On October 23, 2023, Bernardini filed a notice of removal with this Court.[2] He claims that the State of Connecticut has violated his rights and invokes 28 U.S.C. § 1443 as the basis for removal.[3]

DISCUSSION

Federal law permits removal of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).[4] When a state criminal defendant removes a state court criminal case to

---

[1] Doc. #1-1 at 4 (¶ 1); Doc. #1-2 at 1; Doc. #1-3 at 6. *See Connecticut v. Bernardini*, N23N-CR23-0246299-S (Conn. Super. Ct. 2023).
[2] Doc. #1.
[3] *Id.* at 4 (¶ 1).
[4] Removal is also permissible "for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). Because Bernardini does not claim that he was a federal, state, or municipal officer, this avenue for removal does

1

federal court, a federal court must "examine the [removal] notice promptly" and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). Upon review, I find that this case must be remanded for two reasons.

First, the removal is not timely. A notice of removal "shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." *Id.,* § 1455(b)(1). But Bernardini did not file his notice of removal until October 23, 2023—seven months after he alleges that he was arraigned in state court on March 23, 2023. *See United States v. Petteway*, 2023 WL 423127, at *2 (D. Conn. 2023) (remanding criminal case where notice of removal was not filed until "over four years beyond the expiration of the 30-day window following his arraignment"); *Connecticut v. Marshall*, 2015 WL 4723015, at *2 (D. Conn. 2015) (same). While § 1455(b)(1) permits removal "at a later time" in the event of "good cause," Bernardini has made no effort to show good cause for his many months of delay. Therefore, removal is untimely under § 1455(b)(1).

Second, Bernardini has not shown that his state criminal prosecution falls within the scope of § 1443(1). "The Supreme Court held that Section 1443(1) allows for removal only where a defendant's prosecution under a state statute would have the effect of denying racial equality rights granted specifically by federal law." *Petteway*, 2023 WL 423127, at *1 (citing *Johnson v. Miss.*, 421 U.S. 213, 219 (1975)); *see also Suffolk Cty. Dep't of Soc. Servs. v. Clarke*, 807 F. App'x 133, 135 (2d Cir. 2020) (same); *United States v. Jean-Marie*, 2023 WL 2384116, at *1 (D. Conn. 2023); *Connecticut v. Hull*, 2018 WL 460977, at *2–3 (D. Conn. 2018) (same). But although Bernardini alleges that he has been treated unfairly in state court, he does not allege

---

not apply here.

that he has been denied any rights to racial equality with respect to his state court prosecution. Therefore, removal is improper under § 1443(1).

## CONCLUSION

For the reasons set forth above, the Court REMANDS this action back to the Connecticut Superior Court for the Judicial District of New Haven. Notwithstanding the ordinary 10-day waiting period under D. Conn. L. Civ. R. 83.7, the Clerk of Court shall forthwith remand this action.

It is so ordered.

Dated at New Haven this 27th day of October 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge